UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

David Kenneth Christian,

          Petitioner,                     **MEMORANDUM OPINION AND ORDER**
      v.                                    Civil No. 06-3056 ADM/JSM

Lynn Dingle, Warden,
Stillwater Facility, Minnesota,

          Respondent.

_____

Beau D. McGraw, Esq., McGraw Law Office, PA, Oakdale, MN, on behalf of Petitioner.

Kimberly R. Parker, Esq., Assistant Minnesota Attorney General, St. Paul, MN, on behalf of Respondent.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Petitioner David Kenneth Christian's ("Petitioner") Objections [Docket No. 13] to Magistrate Judge Janie S. Mayeron's January 24, 2008, Report and Recommendation ("R&R") [Docket No. 10]. The R&R recommends denial of Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus [Docket No. 1]. For the reasons set forth below, Petitioner's Objections are overruled.

## II. BACKGROUND[1]

Petitioner and three accomplices were charged with the murder of two men and the assault of a third man. Petitioner, after a trial conducted jointly with two of his accomplices, was ultimately convicted of two counts of second-degree felony murder and first-degree assault.

---

[1] This brief recitation of the facts is based on the facts set forth in State v. Christian, No. C5-01-1840, 2002 WL 31415382 (Minn. Ct. App. Oct. 29, 2002).

Petitioner appealed his conviction to the Minnesota Court of Appeals arguing: (1) insufficiency of the evidence against him; (2) refusal to give a requested instruction on accomplice liability; (3) error in admission of his prior convictions for impeachment purposes; (4) improper consecutive sentencing; (5) insufficiency of the indictment; (6) improper joinder with two codefendants; (7) error by the trial court in concluding that the prosecutor's communication with a juror was harmless; and (8) error in questioning the juror about the communication with the prosecutor outside Petitioner's presence. Christian, 2002 WL 31415382, at *3-9. The Minnesota Court of Appeals affirmed Christian's conviction and the Minnesota Supreme Court denied review. Id., *review denied* (Minn. Dec. 30, 2002).

Petitioner twice sought and was denied post-conviction relief from the Minnesota Court of Appeals. In his first petition for post-conviction relief he claimed ineffective assistance of counsel. Petitioner claimed his attorney failed to communicate to the State a plea agreement he proposed, failed to call an expert witness in Petitioner's defense, and failed to ground certain issues in federal law despite Petitioner's request that his counsel do so. Christian v. State, No. A04-281, 2004 WL 2221614, at *1 (Minn. Ct. App. 2004), *review denied* (Minn. Dec. 22, 2004). In his second petition for post-conviction relief, Petitioner argued that he was (1) "entitled to a new trial based on newly discovered evidence in the form of exculpatory statements of his codefendants; and (2) the district court improperly joined appellant and his codefendants for trial." Christian v. State, No. A05-1240, 2006 WL 852136, at *1 (Minn. Ct. App. April 4, 2006), *review denied* (Minn. June 28, 2006).

Petitioner now seeks relief in federal court by filing a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus ("Petition"). In paragraph twelve of the form Petition, which directs

Petitioner to "state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States," Petitioner lists two grounds: (1) that the "trial court abused its discretion in joining Petitioner with multiple defendants at trial"; and (2) that the "[t]rial court abused its discretion in failing to find ineffective assistance of counsel where counsel failed to obey Petitioner's instructions to communicate plea proposals to prosecution." Petition at 5-6. Petitioner requests that the Court vacate and set aside his sentence "so that Petitioner can be retried at his own trial." Id. at 10.

Respondent opposed the Petition arguing that Petitioner's first claim is "procedurally barred because he failed to present this claim as a federal issue in the Minnesota Supreme Court," and that his second claim fails on the merits because "the result reached by the Minnesota courts accords with United States Supreme Court precedent." Resp't's Mem. in Supp. of Answer to Pet. for Writ of Habeas Corpus [Docket No. 5] at 1. Petitioner responded by arguing that his first claim is not procedurally barred and that he is entitled to relief on the merits for both his first and second claims, and that five other claims raised in his direct appeal or in his petitions for post-conviction relief entitle him to relief.

In her R&R, Judge Mayeron recommended that Petitioner's Petition for habeas relief be denied with prejudice. Although Judge Mayeron concluded that Petitioner's first ground for relief, that he was improperly joined for trial with his codefendants, was not procedurally barred, she concluded that the merits of his claim did not entitle him to relief. The second ground for relief, denial of effective assistance of counsel, was also determined not to be valid. Judge Mayeron declined to address the five grounds not included in paragraph twelve of the Petition. Petitioner objects to Judge Mayeron's conclusion that the merits of the first and second grounds

3

asserted in his Petition did not entitle him to relief and to Judge Mayeron's decision to limit review to those claims asserted in paragraph twelve of the Petition.

## III. DISCUSSION

### A. Standard of Review

"The district judge must determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Under 28 U.S.C. § 2254, federal court habeas review of state court criminal convictions resulting in incarceration is limited:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] determination of a factual issue by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**B.     Petitioner's Objections**

   **1.     Improper Joinder[2]**

Petitioner contends that the denial of his severance motion and joinder of his trial with two codefendants, rendered his jury trial fundamentally unfair. Petitioner asserts that he has newly discovered evidence, two affidavits signed by the two of his codefendants at trial, his brother Scot Christian ("Christian") and Vernon Powers ("Powers"). Petitioner contends the affidavits are evidence that Petitioner had no prior knowledge of the crimes, that he was not aware of any weapons at the scene, and that he had no knowledge of, nor was present for, the planning of the crimes. Petitioner asserts that Christian and Powers' statements were not available during his trial because of the improper joinder. Petitioner was found guilty in June 2001 and obtained the affidavits of Christian and Powers in April 2005.

Defendants who are "charged in a conspiracy should be tried together, particularly where proof of the charges against the defendants is based upon the same evidence and acts." United States v. Boyd, 610 F.2d 521, 525 (8th Cir. 1979). "Because defendants who are jointly indicted on similar evidence from the same or related events should, in most instances, be tried together, a defendant seeking severance must show 'real prejudice,' that is, 'something more than the mere fact that he would have had a better chance for acquittal had he been tried separately.'" United States v. Blaylock, 421 F.3d 758, 766 (8th Cir. 2005) (quoting United States v. Oakie, 12 F.3d 1436, 1441 (8th Cir. 1993)). Under Federal Rule of Civil Procedure 14(a), the trial court may grant a severance motion if it appears that the defendant or the

---

   [2] Respondent argued that Petitioner was procedurally barred from seeking relief on the basis of the trial court's joinder, however, this Court agrees with Judge Mayeron that this issue is not procedurally barred and warrants review on the merits.

government would be prejudiced by joinder. "The United States Supreme Court has declared the joinder and severance rules 'are designed to promote economy and efficiency and to avoid a multiplicity of trials, so long as these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.'" Blaylock, 421 F.3d at 766 (quoting Zafiro v. United States, 506 U.S. 534, 540 (1993)). "Regardless of the state law governing severance in state trials, this court will not grant relief to a habeas Petitioner on this issue unless he can establish that the failure to grant severance rendered the trial 'fundamentally unfair.'" Hollins v. Dep't of Corr., 969 F.2d 606, 608 (8th Cir. 1992) (quoting Johnson v. Dugger, 817 F.2d 726, 728 (11th Cir. 1987)). It is not sufficient for Petitioner to simply allege that he needed severance to allow a codefendant to testify, Petitioner must also show that the codefendant was likely to testify and that the testimony would have been exculpatory. United States v. Delpit, 94 F.3d 1134, 1144 (8th Cir. 1996).[3] Even given separate trials, Petitioner's access to the testimony of his codefendants would be hampered by the codefendants' Fifth Amendment rights.

Because Powers did testify at Petitioner's trial and his testimony did not exculpate Petitioner, his affidavit, which states "I testified at trial to these facts and still truthfully upon oath depose that David Christian is totally innocent of any criminal activity," does not entitle Petitioner to relief. As for Christian's proposed testimony, it simply reiterates the theory that Petitioner advanced as his defense at trial. This theory was unsuccessful at trial and Petitioner has failed to demonstrate that Christian's testimony is likely to exculpate him. Petitioner has

---

[3] Petitioner relies on Fifth Circuit law for the proposition that he is entitled to habeas relief based on the trial court's denial of his severance motion. There is no need to look beyond the established law of this Circuit on this issue and thus the Court does not evaluate Petitioner's claim by the standard articulated by the Fifth Circuit in Tifford v. Wainwright, 588 F.2d 954, 956 (5th Cir. 1979).

failed to demonstrate that joinder deprived him of a fair trial and thus he is not entitled to habeas relief on this basis. Accordingly, the Court adopts Judge Mayeron's recommendation that Petitioner's claim that he is entitled to habeas relief based on the trial court's joinder of codefendants be denied with prejudice.

### 2. Ineffective Assistance of Counsel

In his second ground for relief, Petitioner asserts that the trial court abused its discretion by denying relief for alleged ineffective assistance of counsel. Petitioner contends that his counsel was ineffective because counsel allegedly failed to communicate a plea proposal to the prosecution as instructed by Petitioner. Additionally, Petitioner argues counsel failed to inform Petitioner of other plea communications with the State. Petitioner contends that the Minnesota Court of Appeals engaged in an "unreasonable application of the Strickland standard because they applied it too narrowly, excluding matters in the sentencing stage." Pet'r's Mem. in Supp. of Petition for Writ of Habeas Corpus at 23.

Petitioner alleges that he instructed his counsel to communicate to the State a plea proposal of a twenty-year prison sentence. The record showed that during his trial, the State rejected Petitioner's offer of a ten-year sentence in exchange for Petitioner's testimony against his codefendants. Christian, 2004 WL 2221614, at *2. Although the parties continued plea negotiations throughout the trial, Petitioner would not agree to a sentence longer than ten years. Id. The record also reflects that at sentencing the State indicated that it would have "entertained" a plea proposal of a sentence longer than ten years. Id. What the record does not reflect is Petitioner's current claim that he instructed his counsel to propose a twenty year sentence in

exchange for Petitioner's testimony and that Petitioner's counsel failed to communicate that offer.

Strickland v. Washington, 466 U.S. 668 (1984), provides the appropriate standard for determining whether an individual received ineffective assistance of counsel.  To demonstrate that he received ineffective assistance of counsel, Petitioner "must show that counsel's representation fell below an objective standard of reasonableness."  Id. at 688.  Further, Petitioner must demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense."  Id. at 687.  A federal court's review of an ineffective assistance of counsel claim is highly deferential.  Id. at 689.

The Minnesota Court of Appeals correctly identified Strickland as the appropriate standard and determined that Petitioner failed to demonstrate that his counsel's alleged error affected the outcome of the proceedings.  Christian, 2004 WL 2221614, at *2-3.  Petitioner contends that the Court of Appeals unreasonably applied Strickland because it excluded "matters in the sentencing stage."  However, Petitioner failed to identify any errors that his counsel made during the sentencing stage.  Accordingly, as Judge Mayeron concluded, the Court of Appeals did not err in its application of Strickland when it limited its review to the representation Petitioner received before and during trial.  Further, the Court of Appeals correctly determined that even if Petitioner's counsel failed to communicate a plea offer, Petitioner still failed to establish that his counsel's error affected the outcome of the trial.  Petitioner could not demonstrate that the State would have accepted the offer and, more problematic is the fact that the post-conviction court judge, who was also the trial judge, stated he would not have accepted Petitioner's plea offer.  Christian, 2004 WL 2221614, at *2.  As Judge Mayeron concluded, there

8

is nothing about the Court of Appeals' conclusion that was contrary to or a misapplication of federal law, nor was the Court of Appeals' conclusion contrary to the facts of the case. Accordingly, the Court adopts Judge Mayeron's recommendation that Petitioner's claim for habeas relief based on ineffective assistance of counsel be denied with prejudice.

### 3. Petitioner's Five Remaining Claims

Petitioner asserts that he is entitled to habeas relief based on five grounds not included in paragraph twelve of his Petition. Instead, Petitioner listed these grounds in response to paragraph nine, which calls on Petitioner to list the grounds raised in his previous appeals. Judge Mayeron declined to address the five grounds Petitioner listed in response to paragraph nine and limited her review to those identified as grounds for federal relief. Petitioner objects to Judge Mayeron's decision not to consider all grounds raised in state court appellate proceedings. Petitioner asserts: "The court and the government had knowledge of such issues and their review should not be precluded by an administrative error by Petitioner's attorney." Objections at 6.

The Court agrees with Judge Mayeron's limited review. Habeas petitioners often decline to raise issues in federal court that were raised in state court and thus there can be no reasonable expectation that because Petitioner raised the five grounds for relief in state court he also intended to raise those claims before this Court. Indeed, this is why the Petition specifically calls on Petitioner to identify the grounds for which he seeks relief in federal court. The form included space for four grounds for federal relief and instructs the petitioner to "Attach additional pages if you have more than four grounds." By asking the Court to review the five grounds for relief listed in response to paragraph nine but not in paragraph twelve, Petitioner is,

in effect, asking the Court to amend his Petition.  The Court is unwilling to permit such an amendment.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objections [Docket No. 13] are **OVERRULED**;

2. The Report and Recommendation [Docket No. 10] is **ADOPTED**;

3. Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED**;

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

                                                                BY THE COURT:


                                                                 s/Ann D. Montgomery
                                                                ANN D. MONTGOMERY
                                                                U.S. DISTRICT JUDGE

Dated:  May 7, 2008.