**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

David Kenneth Christian,                                      Civil File No. 06-3056 ADM/JSM

       Petitioner,
v.                                                            **ORDER**

Lynn Dingle, Warden,
Stillwater Facility, Minnesota,

       Respondent.

**INTRODUCTION**

Petitioner commenced this action by filing a habeas corpus petition under 28 U.S.C. § 2254, challenging his Minnesota state criminal convictions for second degree murder and first degree assault. (Docket No. 1.) The matter was assigned to Magistrate Judge Janie S. Mayeron, who recommended that the petition be dismissed, because neither of the two claims for relief presented in the petition warranted federal habeas corpus relief under the applicable statutory standard of review. (See 28 U.S.C. § 2254(d).) The Magistrate Judge also determined that five additional claims, which were raised for the first time in Petitioner's Reply Memorandum, (Docket No. 9), should be summarily denied, because they were not raised in the petition itself. (See Report and Recommendation, ["R&R"], dated January 24, 2008; [Docket No. 10].) Petitioner filed objections to the R&R, (Docket No. 13), which caused this Court to conduct a de novo review of the matter. The Court adopted the Magistrate Judge's R&R, and ordered that the action be dismissed with prejudice. (Memorandum Opinion and Order dated May 7, 2008; [Docket No. 16].)

On June 2, 2008, Petitioner filed a Notice of Appeal, (Docket No. 18), and an application for a Certificate of Appealability, (Docket No. 19). Thus, the matter is now before the Court to

determine whether Petitioner should be granted a Certificate of Appealability.

## DISCUSSION

A state prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first securing a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also, Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'") (citation omitted).

In Slack v. McDaniel, supra, the Supreme Court explained how the federal district courts should determine COA eligibility for claims that have been dismissed on procedural grounds, rather than on the merits.

2

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments. The recognition that the 'Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of,' Ashwander v. TVA, 297 U.S. 288, 347 ... (1936) (Brandeis, J., concurring), allows and encourages the court to first resolve procedural issues. The Ashwander rule should inform the court's discretion in this regard."

529 U.S. at 484-85.

In this case, Petitioner is seeking appellate review of his claim that he was improperly tried together with his co-defendants. He is also seeking review of the five claims that were raised for the first time in his reply brief, which were not addressed on the merits because they were not properly raised.[1]

Petitioner's "improper joinder" claim was rejected on the merits, because he was unable to show that being tried with his co-defendants caused him to be denied a fair trial. Based on the reasoning and authorities discussed in the Magistrate Judge's R&R, (Docket No. 10), and in this Court's subsequent Memorandum Opinion and Order adopting that R&R, (Docket No. 16), the Court is satisfied that a different judge could not reasonably conclude that Petitioner was entitled

---

[1] These five claims are as follows: (1) Petitioner was deprived of his right to due process, because his sentence was based on factual determinations made by the judge alone, rather than a jury; (2) the trial court abused its discretion by ruling that Petitioner could be impeached by his prior convictions if he testified at his trial; (3) the trial court erroneously refused to instruct the jury on the Petitioner's theory of defense; (4) the trial court did not adequately address allegations that the prosecutor improperly communicated with a juror outside of the courtroom; and (5) there was insufficient evidence to support Petitioner's conviction. (Petitioner's "Memorandum In Support Of Issuance Of Certificate Of Appealability For Petition For Writ Of Habeas Corpus By A Person In State Custody Pursuant To 28 U.S.C. § 2254," [Docket No. 20], pp. 14-23.)

to a writ of habeas corpus on his improper joinder claim.  Therefore, Petitioner will not be granted a COA on that claim.

The five claims that Petitioner raised for the first time in his reply brief were properly rejected, without being addressed on the merits, because "[a] Traverse is not the proper pleading to raise additional grounds for relief." Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994), cert. denied, 514 U.S. 1026 (1995).  See also Tyler v. Mitchell, 416 F.3d 500, 504 (6th Cir. 2005) (because habeas petitioner's insufficiency of the evidence argument was first presented in his reply brief, "rather than in his habeas petition, it was not properly before the district court, and the district court did not err in declining to address it"), cert. denied, 547 U.S. 1074 (2006).

The habeas corpus petition form that is prescribed for use in this District, (see Local Rule 9.3), includes a section, (Section 9), that directs the petitioner to list the claims that were raised in prior state court proceedings, so that the Court can identify the claims for which the petitioner has fully exhausted his state court remedies, (as required by 28 U.S.C.§ 2254(b)).  A separate section of the form, (Section 12), directs the petitioner to list the claims that he seeks to have reviewed pursuant to the federal habeas corpus statute.  That second part of the form, (i.e., Section 12), requires the petitioner to clearly identify each individual claim for relief that he seeks to have reviewed in federal court.

The prescribed petition form is simple and straightforward, and it is designed so that it can be easily understood and used even by pro se litigants.  Thus, it was entirely reasonable for the Magistrate Judge, and for this Court, to find that the two listed grounds for relief, (i.e., the claims listed in Section 12), were the only two claims properly presented here.  Other reasonable jurists would not conclude that Petitioner was entitled to have any other claims reviewed on the merits.

Therefore, Petitioner is not entitled to a COA for the five new claims that were not raised in his petition.

In sum, after again considering the record in this matter, the Court remains fully satisfied that Petitioner's application for habeas corpus relief was properly dismissed for the reasons discussed in the Magistrate Judge's R&R, and this Court's prior Memorandum Opinion and Order. Petitioner has not shown that another court – including the Eighth Circuit Court of Appeals – could conclude that he was entitled to a writ of habeas corpus in this matter. Therefore, Petitioner will not be granted a COA.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Petitioner's application for a Certificate of Appealability in this matter, (Docket No. 19), is DENIED.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: June 16, 2008.